### BELCHER v. UNITED STATES.

(Circuit Court, S. D. New York. December 17, 1898.)

No. 2,467.

1. CUSTOMS DUTIES — REVIEW OF DECISION OF BOARD OF GENERAL APPRAISERS.

Findings of fact by the board of general appraisers, based upon conflicting testimony, as to the commercial designation of certain articles, cannot be reviewed by the courts.

2. SAME—CLASSIFICATION—STEEL IN STRIPS.

Cold-rolled, untempered steel, from 1¼ to 4½ inches wide, and from 500 to 1,500 feet long, which is largely used for making band saws, but not shown to be unfitted in its composition for other uses, was dutiable under paragraph 124 of the act of 1894, as "sheet steel in strips," and not under paragraph 116, as "band steel not otherwise provided for," or under paragraph 122, as "saw plates." [1]

3. SAME.

A strip of high-grade steel, 50 feet long by 8 inches wide, fitted by its composition to be used only for making saws, and which is commercially known as a "saw plate," was dutiable as such under paragraph 122 of the act of 1894, and not under paragraph 116, as "band steel," or under paragraph 124, as "sheet steel in strips."

---

[1] For interpretation of commercial and trade terms, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

This was an application by one Belcher for a review of a decision of the board of general appraisers in respect to the classification for duty of certain strips of cold-rolled, untempered steel.

Stephen G. Clarke, for importer.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises various lengths of cold-rolled, untempered steel; the chief contention being as to the exhibit 50 feet long by 8 inches wide, imported as "band-saw steel." The importer testifies that they are made from $1\frac{1}{4}$ to $4\frac{1}{2}$ inches wide, and from 500 to 1,500 feet long. There is also an exhibit, referred to in the evidence, $3\frac{1}{2}$ inches wide by 27 feet long. These articles were classified for duty as band steel, except as otherwise provided for, under the provisions of paragraph 116 of the act of 1894. The importer protested, claiming that they should have been classified as saw plates, under paragraph 122 of said act. The board of general appraisers overruled the protest, and held that the merchandise was dutiable under the provisions of paragraph 124 of said act as "sheet steel in strips." It is unnecessary to determine whether, upon all the evidence, this court would have reached the same conclusion as that reached by the board, because it appears, as to all the exhibits except the one 50 feet long by 8 inches wide, that the findings of fact of the board were based upon conflicting testimony before it, as to whether these articles are commercially known as "saw plates." The merchandise is confessedly sheet steel in strips. The long strips cannot be termed "plates," in the ordinary acceptation of the term. It is not shown that their composition is such as to fit them for use for saw plates only, and the board was clearly justified in its finding that such articles are not commercially known as "saw plates," unless it appears that by reason of their composition they are unfit for other purposes. There is much testimony to show that the commercial designation "saw plates" is limited either to a flat, circular plate for circular saws, or to such strip of high-grade steel as is illustrated by said exhibit, 50 feet long by 8 inches wide. Said exhibit is not the sheet steel in strips included under the wire paragraph 124 of said act. A careful analysis of all the competent testimony as to this particular exhibit shows that while such strips may be sold and used for other purposes, and would not then be known as "saw plates," yet that when, as in this case, it is of such a certain length, width, and gauge as to be manufactured into a band saw, and not to be used for any other purpose, it is universally commercially known as "band-saw steel" or "band-saw blades or plates." As to the single exhibit, $3\frac{1}{2}$ inches wide by 27 feet long, I have been unable to find any testimony as to whether it was intended to be used for one saw or for more than one saw. As to the other exhibits, the importer testifies that they are sold in these lengths, so that the saw manufacturer may take any number of feet in length which he may require for a saw. The testimony of Wolff, Silsbury, Boker, and Terry show that these strips, in narrower widths and longer lengths, are not commercially known as

"saw plates"; and, if not saw plates, they are not plates nor sheets not specially provided for. The preponderance of the testimony is to the effect that even if they are not sheet steel, and not commercially known as "sheet steel in strips," yet in common speech they are "steel strips," especially in view of the decision in Magone v. Vom Cleff, 17 C. C. A. 549, 70 Fed. 980. The decision of the board of general appraisers is reversed as to the goods represented by the exhibit 50 feet long and 8 inches wide, and is affirmed as to the other exhibits.